IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR BRUNO JONES, | No. C 09-1066 WHA (PR) |
| Petitioner, | **ORDER FOR PETITIONER TO SHOW CAUSE** |
| v. | |
| IVAN D. CLAY, Warden, | |
| Respondent. | |

This case was opened in the United States District Court for the Eastern District of California when petitioner, a California prisoner currently incarcerated at the Sierra Conservation Camp, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. That court transferred it here because petitioner was convicted in this district. *See* 28 U.S.C. 2241(d). The transfer order was entered in the Eastern District on September 17, 2008, but because of an apparent glitch in the electronic transmission of the papers, the case was not docketed here until March 13, 2009.

**STATEMENT**

A jury convicted petitioner of robbery. He was sentenced to five years in prison. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review.

///

///

**DISCUSSION**

**A.  STANDARD OF REVIEW**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.  LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the sentencing court's imposition of the upper term violated *Cunningham v. California*, 127 S. Ct. 856, 871 (2007); (2) the sentencing court erred because the mitigating factors outweighed the aggravating factors; (3) his trial attorney was ineffective in not arguing that the mitigating factors outweighed the aggravating factors.

Claim two presents only a state law claim, so will be dismissed. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The other two issues raise federal claims.

In response to a part of the form that asks the petitioner to say whether any issues were not exhausted and if so, why not, petitioner says that issues two and three have not been

2

exhausted because of "ineffective counsels." Even if counsel was ineffective in failing to raise the issues on direct appeal, that does not excuse exhaustion. Petitioner still must exhaust, probably by way of state habeas petitions. Although one of the two unexhausted issues, issue two, will be dismissed, issue three remains in the case; it thus appears that this is a mixed petition, that is, it contains both exhausted and unexhausted issues.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Alternatively, the court may stay mixed petitions to allow the petitioner to exhaust in state court, *Rhines v. Webber*, 544 U.S. 269, 277 (2005), or petitioner may amend to delete the unexhausted issue, *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005).

Petitioner will be ordered to show cause why this petition should not be treated as mixed. If petitioner is unable to show cause why this petition should not be treated as mixed, i.e., if he cannot show that the third claim is exhausted, he may elect one of three choices: (1) dismiss the petition with an eye to exhausting and then filing a new petition containing all claims; or (2) amend to delete the unexhausted claim and proceed with the exhausted one; or (3) ask for a stay to allow exhaustion, *see Rhines,* 544 U.S. at 277-78. If he elects the third choice, as most petitioners do, in order to obtain a stay he must show good cause for his failure to exhaust the claim before filing this petition and that the claim is "potentially meritorious." *Id.* at 277.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. Petitioner shall show cause why this petition would not be treated as mixed within

3

thirty days from the date this order is entered.  If he concedes it is mixed he may elect among the three options set out above, and if he elects option three, asking for a stay to exhaust, he should address the *Rhines* requirements.

**IT IS SO ORDERED.**

Dated: March  17 , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE