United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9
10   EDGAR BRUNO JONES,                        No. C 09-1066 WHA (PR)
11              Petitioner,                    **ORDER DENYING PETITION FOR
                                               WRIT OF HABEAS CORPUS**
12      v.
13   IVAN D. CLAY, Warden,
14              Respondent.
                                        /
15
16                              **INTRODUCTION**
17          This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C.
18   2254.  Two of the three claims in the petition were dismissed.  Respondent was ordered to show
19   cause why the writ should not be granted based on the remaining claim.  Respondent has filed
20   an answer denying the claim and a memorandum of points and authorities in support of it.
21   Petitioner has opted not to file a traverse.  For the reasons set forth below, the petition is
22   **DENIED**.
23                               **STATEMENT**
24          A jury in San Francisco County Superior Court convicted petitioner of second-degree
25   robbery under Section 212.5(c) of the California Penal Code (Clerk's Transcript ("CT") 44).
26   The trial court sentenced him to the aggravated term of five in state prison (*id.* 75-77).  The
27   conviction and sentence were affirmed on direct appeal by the California Court of Appeal
28   (Resp. Ex. 5).  The California Supreme Court granted the petition for review, deferred action,

1    and eventually dismissed the petition (Resp. Exs. 6-8).

2         A detailed summary of the evidence at trial is not necessary as the sole remaining claim

3    concerns the constitutionality of the sentence.  The following brief summary of the evidence

4    from the opinion of the California Court of Appeal is sufficient.

5              Defendant was arrested after he forcibly removed $30 from the pocket of
         the victim, Kevin Healy.  Defendant had approached Healy, who was disheveled
6        and appeared to be intoxicated, asking him for a cigarette.  After Healy gave him
         a cigarette, defendant grabbed Healy and pushed him back over a police
7        barricade, effectively rendering him helpless.  Defendant took the money from
         Healy's pocket and started to walk away.  Healy called out to defendant to give
8        him back his money.  Defendant turned around, raised his fists towards Healy
         and said, "Fuck you."  Unfortunately for defendant, Healy was a police decoy.

9    (Resp. Ex. 5 at 1).

10                                    **ANALYSIS**

11   **A.    STANDARD OF REVIEW**

12        A district court may not grant a petition challenging a state conviction or sentence on the

13   basis of a claim that was reviewed on the merits in state court unless the state court's

14   adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

15   unreasonable application of, clearly established Federal law, as determined by the Supreme

16   Court of the United States; or (2) resulted in a decision that was based on an unreasonable

17   determination of the facts in light of the evidence presented in the State court proceeding."  28

18   U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law

19   and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 09 (2000), while the second prong

20   applies to decisions based on factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340

21   (2003).  When there is no reasoned opinion from the highest state court to consider the

22   petitioner's claims, the court looks to the last reasoned opinion from the state courts.  *See Ylst v.*

23   *Nunnemaker*, 501 U.S. 797, 801 06 (1991).  The last reasoned state court decision on

24   petitioner's claim is the decision by the California Court of Appeal (Resp. Ex. 5).

25   **B.    ISSUES PRESENTED**

26        As grounds for federal habeas relief, petitioner asserts that his Sixth Amendment right to

27   jury trial was denied because he was sentenced to the aggravated term for robbery based on

28

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1 | facts that were not found true by a jury. *See Cunningham v. California*, 127 S. Ct. 856, 871

2 | (2007).

3 | The trial court imposed the aggravated term after finding the following aggravating

4 | factors: petitioner has engaged in violent conduct indicating a serious danger to society, his

5 | prior convictions are numerous and of increasing seriousness, he has served prior prison terms,

6 | and his prior performance on probation and parole has not been satisfactory (Resp. Ex. 5 at 2;

7 | *see* Cal. Rule of Court 4.421(b) (listing factors to be considered in setting aggravated, middle or

8 | mitigated term)). The trial court found no mitigating factors (Resp. Ex. 5 at 2).

9 | In *Apprendi*, the Supreme Court held that any fact that increases the penalty for a crime

10 | beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a

11 | reasonable doubt. *Apprendi*, 530 U.S. at 466. In *Blakely*, the Supreme Court explained that

12 | "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose

13 | solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

14 | *Blakely*, 542 U.S. at 303. This means that the "the middle term prescribed in California's

15 | statutes, not the upper term, is the relevant statutory maximum." *Cunningham*, 549 U.S. at 293.

16 | In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held that California's

17 | Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it

18 | contravenes "*Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases

19 | the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven

20 | beyond a reasonable doubt.'" *Ibid.* (quoting *Apprendi*, 530 U.S. at 490).

21 | There was no constitutional error in imposing the upper term. The exception to the

22 | general rule in *Apprendi* providing that the fact of a prior conviction need not be pleaded in an

23 | indictment or proved to a jury beyond a reasonable doubt, applies. *Butler*, 538 F.3d at 643

24 | (citing *Apprendi*, 530 U.S. at 490 and *Almendarez-Torres v. United States*, 523 U.S. 224, 244

25 | (1998)). The Ninth Circuit has recognized that "the Supreme Court has not overruled the

26 | *Almendarez-Torres* exception for prior convictions" and therefore the "obligation to apply the

27 | *Almendarez-Torres* exception [remains] unless and until it is rejected by the Supreme Court."

28 | *Butler*, 528 F.3d at 643-44. Here, petitioner was sentenced to the upper terms based on, among

United States District Court

For the Northern District of California

1   other things, his "numerous" prior convictions (Resp. Exh. 5 at 2).  Under the exception set

2   forth in *Almendarez-Torres* and *Apprendi* for aggravating factors based upon a prior conviction,

3   the Sixth Amendment did not require that a jury find that petitioner suffered prior convictions,

4   and the trial court could rely on its own finding of this aggravating circumstance in sentencing

5   petitioner to the upper terms.

6          The fact that the trial court also found additional aggravating circumstances – such as

7   petitioner's violent conduct and his prior failures on parole and probation – does not alter this

8   conclusion.  "[U]nder California law, only one aggravating factor is necessary to set the upper

9   term as the maximum sentence." *Butler*, 528 F.3d at 641.  "[I]f at least one of the aggravating

10  factors on which the judge relied in sentencing [petitioner] was established in a manner

11  consistent with the Sixth Amendment, [petitioner's] sentence does not violate the Constitution."

12  *Id.* at 643.  As it was within the trial court's discretion under California Rule of Court 4.421(b)

13  to sentence petitioner to the upper terms based solely upon his prior convictions, petitioner's

14  sentence is constitutional irrespective of "[a]ny additional factfinding" with respect to

15  additional aggravating circumstances. *Ibid.*  Because the trial court relied upon at least one

16  factor established in a manner consistent with the Sixth Amendment, the sentence petitioner

17  received did not violate his Sixth Amendment rights.

18         For these reasons, the state courts' rejection of this claim was not contrary to, or an

19  unreasonable application of, clearly established United States Supreme Court authority.

20                                     **CONCLUSION**

21         For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.  A

22  certificate of appealability will not issue.  Reasonable jurists would not "find the district court's

23  assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473,

24  484 (2000).  Petitioner may seek a certificate of appealability from the United States Court of

25  Appeals. The clerk shall enter judgment in favor of respondent, and close the file.

26         **IT IS SO ORDERED.**

27

28  Dated: September __26__, 2011.

                                   _____
                                   WILLIAM ALSUP
                                   UNITED STATES DISTRICT JUDGE

                                          4